UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVEN R. BAKER,

                    Petitioner,

vs.                                        Case No. 3:16-cv-1243-J-39JRK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

                    Respondents.
_____

**ORDER**

## I.  INTRODUCTION

Petitioner Steven R. Baker challenges a 2013 Putnam County
conviction for sexual battery on a person less than twelve years of
age in his Petition Under 28 U.S.C. § 2254 for Writ of Habeas
Corpus by a Person in State Custody (Petition) (Doc. 1).[1]  In this
Petition, he raises seven grounds for habeas relief.  Respondents
filed a Response to Petition (Response) (Doc. 12).[2]  Petitioner
filed Petitioner's Reply (Reply) (Doc. 13).  See Order (Doc. 10).

## II.  CLAIMS OF PETITION

Petitioner raises seven grounds in the Petition: (1) the trial
court erred by allowing similar fact evidence (the nine-minute

---

[1] The Court will reference the page numbers assigned by the
electronic docketing system where applicable.

[2] The Court hereinafter refers to the exhibits in the Appendix
as "Ex."  Where provided, the page numbers referenced in this
opinion are the Bates stamp numbers at the bottom of each page of
the exhibit.  Otherwise, the page number on the particular document
will be referenced.

video confession from Petitioner's 2006 arrest) to be admitted as Williams[3] Rule evidence, in violation of Petitioner's due process rights; (2) the ineffective assistance of counsel for failure to properly advise Petitioner of the details of the plea offer; (3) the ineffective assistance of counsel for failure to call Deputy Julie Walker as an exculpatory witness; (4) the ineffective assistance of counsel for failure to call an expert witness or request a physical examination of the victim; (5) the ineffective assistance of counsel for failure to impeach the state's eye-witness, Joshua S. Rosario; (6) the ineffective assistance of counsel based on the cumulative errors of counsel, resulting in a due process violation; and (7) the trial court and Fifth District Court of Appeal (5th DCA) erred in denying Petitioner's motion alleging newly discovered evidence and motion to produce favorable or exculpatory evidence.

## III. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing if the record refutes the asserted factual allegations or otherwise precludes habeas relief. Schriro v. Landrigan, 550 U.S. 465, 474 (2007). It is a petitioner's burden to establish the need for a federal evidentiary hearing, and here, Petitioner has not met the burden. Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057,

---

[3] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847 (1959).

1060 (11th Cir. 2011), <u>cert</u>. <u>denied</u>, 565 U.S. 1120 (2012). The pertinent facts are fully developed in this record or the record otherwise precludes habeas relief. In this case, the Court is able to "adequately assess [Petitioner's] claim[s] without further factual development," <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), <u>cert</u>. <u>denied</u>, 541 U.S. 1034 (2004).

In the case at bar, the Court will review the seven grounds raised in the Petition, <u>see</u> <u>Long v. United States</u>, 626 F.3d 1167, 1169 (11th Cir. 2010) (per curiam) ("The district court must resolve all claims for relief raised on collateral review, regardless of whether relief is granted or denied.") (citing <u>Clisby v. Jones</u>, 960 F.2d 925, 936 (11th Cir. 1992) and <u>Rhode v. United States</u>, 583 F.3d 1289, 1291 (11th Cir. 2009)), but no evidentiary proceeding will be conducted.

## IV. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus. <u>See</u> 28 U.S.C. § 2254; <u>Ledford v. Warden, Ga. Diagnostic & Classification Prison</u>, 818 F.3d 600, 642 (11th Cir. 2016), <u>cert</u>. <u>denied</u>, 137 S.Ct. 1432 (2017). "AEDPA limits the scope of federal habeas review of state court judgments[.]" <u>Pittman v. Sec'y, Fla. Dep't of Corr.</u>, 871 F.3d 1231, 1243 (11th Cir. 2017), <u>petition for cert</u>. <u>filed</u>, (U.S. May 18, 2018) (No. 17-9015). This narrow scope of review under AEDPA provides for habeas relief only if there are

extreme malfunctions, certainly not to be used as a means to correct state court errors.  Ledford, 818 F.3d at 642 (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011)).

Federal courts may grant habeas relief if:

> the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

> A state court's decision rises to the level of an unreasonable application of federal law only where the ruling is "objectively unreasonable, not merely wrong; even clear error will not suffice." Virginia v. LeBlanc, 582 U.S. ----, ----, 137 S.Ct. 1726, 1728, 198 L.Ed.2d 186 (2017) (per curiam) (quoting Woods v. Donald, 575 U.S. ----, ----, 135 S.Ct. 1372, 1376, 191 L.Ed.2d 464 (2015) (per curiam)). This standard is "meant to be" a difficult one to meet. Harrington v. Richter, 562 U.S. 86, 102, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011).

Rimmer v. Sec'y, Fla. Dep't of Corr., 876 F.3d 1039, 1053 (11th Cir. 2017), cert. denied, No. 17-8046, 2018 WL 1278461 (U.S. June 11, 2018).

"We also must presume that 'a determination of a factual issue made by a State court [is[ correct,' and the petitioner 'ha[s] the burden of rebutting the presumption of correctness by clear and convincing evidence.' 28 U.S.C. § 2254(e)(1)." Morrow v. Warden, 886 F.3d 1138, 1147 (11th Cir. 2018).  Additionally, "[t]his presumption of correctness applies equally to factual

determinations made by the state trial and appellate courts." <u>Pope</u> <u>v. Sec'y for Dep't of Corr.</u>, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting <u>Bui v. Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003)), <u>cert</u>. <u>denied</u>, 568 U.S. 1233 (2013).

Recently, in <u>Wilson v. Sellers</u>, 138 S.Ct. 1188, 1194 (2018), the Supreme Court concluded there is a "look through" presumption in federal habeas law, as silence implies consent. <u>See</u> <u>Kernan v.</u> <u>Hinojosa</u>, 136 S.Ct. 1603, 1605-606 (2016) (per curiam) (adopting the presumption silence implies consent, but refusing to impose an irrebutable presumption). This presumption is employed when a higher state court provides no reason for its decision; however, it is just a presumption, not an absolute rule. <u>Wilson</u>, 138 S.Ct. at 1196. "Where there are convincing grounds to believe the silent court had a different basis for its decision than the analysis followed by the previous court, the federal habeas court is free, as we have said, to find to the contrary." <u>Id</u>. at 1197.

Being mindful of the Supreme Court's recent guidance, this Court will undertake its review. If the last state court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." <u>Id</u>. at 1192. But, if the relevant state-court decision on the merits is not accompanied by a reasoned opinion, for example the decision simply

states affirmed or denied, a federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." <u>Id</u>. At this stage, the federal court presumes the unexplained decision adopted the same reasoning as the lower court; however, the presumption is not irrebutable. <u>Id</u>. <u>See</u> <u>Hinojosa</u>, 136 S.Ct. at 1606 (strong evidence may refute the presumption). Indeed, the state may rebut the presumption by showing the higher state court relied or most likely relied on different grounds than the lower state court, "such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed." <u>Wilson</u>, 138 S.Ct. at 1192.

Although the § 2254(d) standard is difficult to meet, the standard is meant to be difficult. <u>Rimmer</u>, 876 F.3d at 1053 (opining that to reach the level of an unreasonable application of federal law, the ruling must be objectively unreasonable, not merely wrong or even clear error). When applying the stringent AEDPA standard, state court decisions must be given the benefit of the doubt. <u>Trepal v. Sec'y, Fla. Dep't of Corr.</u>, 684 F.3d 1088, 1107 (11th Cir. 2012) (quotation and citations omitted), <u>cert</u>. <u>denied</u>, 568 U.S. 1237 (2013).

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

In order to prevail on his Sixth Amendment claims, Petitioner must satisfy the two-pronged test set forth in <u>Strickland v.</u> <u>Washington</u>, 466 U.S. 668, 688 (1984), requiring that he show both

deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). A counsel's performance is deficient only if counsel's "identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690.

In making its determination as to whether counsel gave adequate assistance, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in exercise of reasonable professional judgment. Id. at 690. When analyzing a claim of ineffective assistance of counsel, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington v. Richter, 562 U.S. 86, 105 (2011). And importantly, with regard to the establishment of prejudice requirement, the reasonable probability of a different result must be "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Of note, some conceivable effect on the outcome does not constitute a reasonable probability. Id. at 693.

Finally, in order to prevail on a claim of ineffective assistance of counsel, both parts of the Strickland test must be satisfied. Bester v. Warden, Att'y Gen. of the State of Ala., 836 F.3d 1331, 1337 (11th Cir. 2016) (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)), cert. denied, 137 S.Ct. 819

(2017).  Indeed, failure to demonstrate either prong is fatal, making it unnecessary to consider the other.  Id.

## VI.  TIMELINESS

The Petition is timely filed.  See Response at 7.

## VII.  EXHAUSTION/PROCEDURAL DEFAULT

Grounds two through six were exhausted in the state court system.  See Response at 9.  Respondents contend, however, that grounds one and seven are procedurally barred.  Id. at 7-9.

In his first ground for habeas relief, Petitioner claims the trial court erred by allowing similar fact evidence (the nine-minute video confession from Petitioner's 2006 arrest) to be admitted as Williams Rule evidence, in violation of Petitioner's due process rights.  Petition at 5.  Respondents aver that ground one is procedurally defaulted because Petitioner never presented his federal constitutional claim to the state court, and any attempt to do so now would be barred.  Response at 7-8.

This Court must ask whether the constitutional claim was raised in the state court proceedings and whether the state court was alerted to the federal nature of the claim.  Baldwin v. Reese, 541 U.S. 27, 32 (2004).  The record demonstrates the following.  On direct appeal, in his pro se brief, Petitioner claimed the trial court erred in allowing the Williams rule evidence to become a feature of the trial, and "[i]n allowing these things to happen, the court violated the Appellant's U.S. and state constitutional due process rights to a fair trial."  Ex. M at 9.  In his brief,

Petitioner referred to his federal constitutional rights and asserted a due process violation. Thus, he did not rely solely upon Florida case law and statutes to challenge his conviction on direct appeal.

Upon review, the record demonstrates Petitioner raised a due process claim in his appeal brief. Ex. M. The Court finds he fairly presented a federal claim to the state courts. As such, the federal claim is deemed to be exhausted and is not procedurally defaulted, and ground one will be addressed.

In ground seven, Petitioner claims the trial court and 5th DCA erred in denying Petitioner's motion alleging newly discovered evidence and motion to produce favorable or exculpatory evidence, depriving him of due process of law. Petitioner raised this ground in a successive Rule 3.850 post-conviction motion. Ex. EE. The circuit court, in reviewing this claim, found Petitioner did not meet the newly discovered evidence test, refused to consider the evidence as newly discovered, and denied the motion. Ex. FF. On August 16, 2016, the 5th DCA affirmed per curiam. Ex. JJ.

Based on the state courts' rulings, it is quite apparent that ground seven is procedurally barred. There are, however, allowable exceptions to the procedural default doctrine; "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." Martinez v. Ryan, 566 U.S. 1, 10 (2012) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). To demonstrate cause, a petitioner must

show that some objective factor external to the defense impeded his effort to properly raise the claim in state court. <u>Wright v. Hopper</u>, 169 F.3d 695, 703 (11th Cir.), <u>cert</u>. <u>denied</u>, 528 U.S. 934 (1999). Petitioner fails to point to any factor external to the defense. If cause is established, a petitioner is also required to demonstrate prejudice. In order to demonstrate prejudice, he must show "that there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred." <u>Owen v. Sec'y for Dep't of Corr.</u>, 568 F.3d 894, 908 (11th Cir. 2009), <u>cert</u>. <u>denied</u>, 558 U.S. 1151 (2010).

After considering the pleadings before the Court, Petitioner has failed to show cause. In addition, he does not meet the prejudice or manifest injustice exceptions. Although a petitioner may obtain review of the merits of a procedurally barred claim if he satisfies the actual innocence "gateway" established in <u>Schlup v. Delo</u>, 513 U.S. 298 (1995), Petitioner has not done so. The gateway is meant to prevent a constitutional error at trial from causing a miscarriage of justice and "'the conviction of one who is actually innocent of the crime.'" <u>Kuenzel v. Comm'r, Ala. Dep't of Corr.</u>, 690 F.3d 1311, 1314 (11th Cir. 2012) (per curiam) (quoting <u>Schlup</u>, 513 U.S. at 324), <u>cert</u>. <u>denied</u>, 569 U.S. 1004 (2013). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." <u>Johnson v. Ala.</u>, 256 F.3d 1156,

1171 (11th Cir. 2001) (citations omitted), <u>cert</u>. <u>denied</u>, 535 U.S. 926 (2002). With respect to ground seven, Petitioner has failed to identify any fact warranting the application of the fundamental miscarriage of justice exception.

In conclusion, the Court finds ground seven is barred in federal court. As Petitioner has failed to establish cause and prejudice or any factors warranting the application of the fundamental miscarriage of justice exception to overcome the default, ground seven is due to be denied as procedurally barred.

In the alternative, this claim is not cognizable in this habeas proceeding. Petitioner urges this Court to find that the state circuit and appellate court erred in denying Petitioner's successive Rule 3.850 motion alleging newly discovered evidence. Petition at 15. He claims the circuit court's denial of post conviction relief and the appellate court's refusal to correct the trial court's error in denying relief deprived him of due process of law. <u>Id</u>.

As noted previously, Petitioner filed a successive Rule 3.850 motion, and the trial court denied the motion in its Order Denying Defendant's Motion to Vacate and Set Aside Judgment and Sentence Alleging Newly Discovered Evidence. Ex. EE; Ex. FF. Petitioner appealed the trial court's decision to the 5th DCA, and the state appellate court affirmed the decision of the trial court. Ex. GG; Ex. HH; Ex. II; Ex. JJ.

The Court finds Petitioner's claim raised in ground seven is not cognizable in a federal habeas proceeding. Any challenge to the effectiveness of Florida's state court collateral proceedings does not undermine the legality of the conviction itself; therefore, Petitioner is not entitled to habeas relief on this ground. An explanation follows.

Ground seven is not cognizable on habeas corpus review as the purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States, not to consider a challenge to state court deficiencies. See Coleman v. Thompson, 501 U.S. 722 (1991). The writ of habeas corpus under 28 U.S.C. § 2254 "was not enacted to enforce State-created rights." Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)), cert. denied, 531 U.S. 1170 (2001). The Eleventh Circuit allows that only in cases of federal constitutional error will a federal writ of habeas corpus be available. See Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993); Krasnow v. Navarro, 909 F.2d 451, 452 (11th Cir. 1990).

Certainly, it is not the province of this Court to reexamine state-court determinations on issues of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection

- 12 -

and due process[,]'" as it was here.  <u>Branan v. Booth</u>, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting <u>Willeford v. Estelle</u>, 538 F.2d 1194, 1198 (5th Cir. 1976)).  Indeed, this Court is bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate.  <u>McCoy v. Newsome</u>, 953 F.2d 1252, 1264 (11th Cir. 1992) (per curiam), <u>cert</u>. <u>denied</u>, 504 U.S. 944 (1992).

Accordingly, the Court finds the claim raised in ground seven amounts to an attack on the state post conviction proceedings collateral to Petitioner's detention.  <u>Quince v. Crosby</u>, 360 F.3d 1259, 1261-62 (11th Cir. 2004), <u>cert</u>. <u>denied</u>, 543 U.S. 960 (2004). Since it presents an issue that is not cognizable in this proceeding, this ground cannot provide a basis for federal habeas corpus relief.  Therefore, the claim raised in ground seven is due to be denied.

### VIII.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

#### A.  Ground One

In ground one, Petitioner claims the trial court erred by allowing similar fact evidence (the nine-minute video confession from Petitioner's 2006 arrest) to be admitted as <u>Williams</u> Rule evidence, in violation of Petitioner's due process rights. Petition at 5.  As noted by Respondents in the Response at 13-14, there is a fundamental problem with this claim for relief; there is no Supreme Court case identified holding that the admission of similar fact or collateral crime evidence in similar circumstances

is unconstitutional. <u>Woodward v. Sec'y, Fla. Dep't of Corr.</u>, No. 3:13-cv-155-J-34JRK, 2016 WL 1182818, at *13 (M.D. Fla. Mar. 28, 2016) (finding no entitlement to habeas relief because there is no clearly established federal law as determined by the Supreme Court holding the admission of similar fact evidence in similar circumstances is unconstitutional). Since Petitioner has not identified a Supreme Court case making that particular holding, he cannot show that the trial court's rejection of this claim was contrary to, or an unreasonable application of, clearly established federal law.

Ground one is due to be denied on its merits pursuant to 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas relief on this ground.

In the alternative, to the extent Petitioner is challenging the admission of the evidence (the video), the claim is not cognizable in this habeas proceeding.

> "As a general rule, a federal court in a habeas corpus case will not review the trial court's actions concerning the admissibility of evidence," because the state court "has wide discretion in determining whether to admit evidence at trial[.]" <u>Alderman</u>[4], 22 F.3d at 1555; <u>see also</u> <u>Baxter v. Thomas</u>, 45 F.3d 1501, 1509 (11th Cir. 1985) (federal habeas corpus is not the proper vehicle to correct evidentiary rulings); <u>Boykins v. Wainwright</u>, 737 F.2d 1539, 1543 (11th Cir. 1984) (federal courts are not empowered to correct erroneous evidentiary rulings in state

---

[4] <u>Alderman v. Zant</u>, 22 F.3d 1541 (11th Cir.), <u>cert</u>. <u>denied</u>, 513 U.S. 1061 (1994).

> court except where rulings deny petitioner
> fundamental constitutional protections).

<u>Woodward</u>, 2016 WL 1182818, at *13.

### B.  Ground Two

In his second ground for habeas relief, Petitioner raises a claim of ineffective assistance of counsel for failure to properly advise Petitioner of the details of the plea offer.  Petition at 7. In support of this claim, Plaintiff states that his trial counsel advised him that if he were placed on sex offender probation, Petitioner would never be allowed to own or operate a computer or any electronic device with internet capabilities.  <u>Id</u>.  Petitioner contends that this was an overstatement by counsel, and stipulations may be made to approve the limited use of computers or other devices.  <u>Id</u>.

Petitioner raised this ground in ground one of his Rule 3.850 motion.  Ex. Q at 6-8.  In support of this claim, he submitted an exhibit, a hand-written plea offer.  <u>Id</u>., Exhibit A (Copy of Written Plea Offer).  It states:

> Offer:
>
> Plead no contest to attempted sexual battery, a First-degree felony[.]
>
>> - 5 to 7 years prison
>>
>> - credit for time served
>>
>> **✚ 10 yrs. sex offender probation**

Id. (emphasis added). Not only did Petitioner claim that counsel failed to fully apprise him of the details of the plea offer, he also claimed trial counsel failed to notify him he faced a mandatory sentence of life in prison if he went to trial, an assertion that Petitioner does not raise in this federal Petition.

The trial court, before addressing Petitioner's claims of ineffective assistance of counsel, set forth the two-pronged Strickland standard of review. Ex. T at 1-2. In particular, the court noted that Petitioner bears the burden of both pleading and proving constitutionally deficient performance by counsel and actual prejudice. Id. at 1.

The trial court, applying the Strickland standard, rejected Petitioner's claim, stating:

> The Defendant's own Motion for Post Conviction Relief acknowledges that Trial Counsel made him aware of the State's offer of 5-7 years to be followed by 10 years sex offender probation. Although he claims that he was confused, the Defendant claims that Trial Counsel explained the details that he would face in serving 10 years of sex offender probation. The Defendant acknowledges in his Motion that Trial Counsel told him that he faced life in prison if he went to trial and lost. (See **pages 6 and 7** of the Defendant's Motion for Post Conviction Relief). The Defendant does not meet the scrutiny of the three-prong test in the seminal case Hoffman v. State, 827 So.2d 1046 (Fla. 5th DCA 2002).[5] **Ground One is denied.**

---

[5] "The defendant must prove 1) that his counsel failed to communicate or misinformed him about a plea offer, 2) that he would have accepted the plea offer had he been correctly advised, and 3) that his acceptance of the plea offer would have resulted in a

Ex. T at 2 (emphasis in original).

Petitioner exhausted his state court remedies by appealing the denial of his Rule 3.850 motion. On December 15, 2015, the 5th DCA affirmed the decision of the trial court without opinion. Ex. AA. The mandate issued on February 10, 2016. Ex. DD.

Upon review of the record, the state responded to the claim that counsel did not properly advise Petitioner of the details of the plea offer, noting the in-depth discussion between Petitioner and trial counsel concerning the nature of the plea offer referenced in Petitioner's Rule 3.850 motion. Ex. R at 3. The state also noted Petitioner's concession that "trial counsel correctly informed Defendant that as a condition of the 10 years of sex offender probation that he would not be allowed contact with children under the age of 18, including his son, and that he would not be able to access the Internet. See Fla. Statutes §§ 948.30(1)(e) and (h)." Ex. R at 3.

The thrust of Petitioner's current claim is his counsel failed to inform Petitioner that, "stipulations may have been made" to approve the use of computers or internet capable devices. Petition at 7. The trial court, in denying this ground, held trial counsel adequately advised Petitioner he would be facing ten years of sex offender probation if he accepted the plea offer and sufficiently

---

lesser sentence." <u>Hoffman v. State</u>, 827 So.2d 1046, 1048-49 (Fla. 5th DCA 2002) (citations omitted).

"explained the details that he would face in serving 10 years of sex offender probation." Ex. T at 2. The trial court found defense counsel's advice, described in Petitioner's Rule 3.850 motion, sufficient. Petitioner described the advice provided by counsel concerning the nature of sex offender probation: (1) sex offender probation would have more stringent rules to follow; (2) Petitioner would never be allowed to live with his wife or child; and (3) Petitioner would not be allowed to own any electronic devises with internet capabilities. <u>See</u> Ex. Q at 7.

As set forth in the statute, probationary modifications for supervised contact with a child under the age of 18, subject to termination at any time, would only be possible after a risk assessment, after the felon's enrollment or completion of a sex offender therapy program, and recommendation by a qualified practitioner. Fla. Stat. 948.30 § (1)(e). Unsupervised probationary contact or living with a child is not provided for in the statute. Moreover, modification of probationary terms could only be made after extensive risk assessment and the fulfillment of other probationary requirements, not as part of a pre-probationary stipulation. With respect to accessing internet or other computer services, any modification concerning the restriction of internet and computer access could take place only after a risk assessment and approval and implementation of a safety plan for accessing or using the Internet or other computer services. Fla. Stat. 948.30

§ 1(h).  The statute does not provide for  ownership of electronic devices with internet capabilities.

Conditions of sex offender probation are set forth in the statue and are considered standard conditions of probation for a sex offender with a victim under the age of 18, and the court must impose them, meaning they are not subject to be waived by stipulation.  Fla. Stat. 948.30 § (1).  <u>See</u> <u>State v. Coleman</u>, 44 So.3d 1198, 1199 (Fla. 4th DCA 2010) (per curiam) (finding probation is a creature of statute, not allowing for elimination of statutory requirements).  As such, it is clear there are stringent rules to follow on sex offender probation, and living with a child and his mother or owning/using electronic devices with internet capabilities is prohibited.  At most, restricted supervised contact with a child may be allowed after risk assessment, and a safety plan may be implemented for accessing internet and computer services, not ownership/systematic operation of those devices.

Applying the <u>Strickland</u>, standard, the court rejected this claim of ineffectiveness, finding Petitioner failed to meet his burden under <u>Strickland</u>.  There is no expectation that competent counsel will be a flawless in his performance.  <u>Richter</u>, 562 U.S. at 110.  Perfection is not the standard.  Petitioner has the burden to show his counsel's representation fell below an objective standard of reasonableness.  With respect to this ground, Petitioner has failed to meet this burden.  He has not shown that

his attorney's representation was so filled with serious errors that defense counsel was not functioning as counsel guaranteed by the Sixth Amendment.

Based on all of the above, Petitioner is not entitled to habeas corpus relief on a claim of ineffective assistance of counsel for failure to properly advise Petitioner of the details of the plea offer. The trial court found counsel did not render deficient performance under Strickland. Ex. T at 2. As previously noted, in order to prevail on his claim of ineffective assistance of counsel, Petitioner has to satisfy both parts of the Strickland test. Bester, 836 F.3d at 1337. With respect to this claim, Petitioner failed to do so. The 5th DCA affirmed the decision of the trial court in denying this ground. Ex. AA. Therefore, there is a qualifying decision under AEDPA.

Here, AEDPA deference is warranted. The record shows the 5th DCA affirmed the decision of the trial court in denying this ground, and its decision is not inconsistent with Supreme Court precedent, and the state court's adjudication of these claims is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts. Therefore, Petitioner is not entitled to habeas relief on ground two of the Petition.

## C.  Ground Three

In ground three, Petitioner raises a claim of ineffective assistance of counsel for failure to call Deputy Julie Walker as an exculpatory witness.  Petition at 8.  Petitioner exhausted this ground by raising it in ground two of his Rule 3.850 motion and appealing the denial of his Rule 3.850 motion.  Ex. Q; Ex. U; Ex. AA.

With respect to this ground, Petitioner claims his counsel told him Deputy Walker was going to say something bad about the victim's past that would be damaging to the state's case.  Petition at 8.  Plaintiff contends his counsel's performance was deficient for failure to call Deputy Walker as a defense witness at trial. In his Rule 3.850 motion, Petitioner claimed Deputy Walker would have testified that the child victim "is an atypical 11 year old and that her experiences prior to this incident would raise questions and require a more intensive and thorough investigation into past events."  Ex. Q at 9.  Petitioner argues counsel's performance was deficient in failing to call Deputy Walker once counsel learned the state chose not to call the deputy, and this resulted in prejudice, because, but for the failure to call this witness at trial, there is a reasonable probability that the outcome of the trial would have been different.  Id.

"Which witnesses, if any, to call . . . is the epitome of a strategic decision, and it is one that [a court] will seldom, if ever, second guess." <u>Waters v. Thomas</u>, 46 F.3d 1506, 1512 (11th Cir. 1995), <u>cert</u>. <u>denied</u>, 516 U.S. 856 (1995). In order to demonstrate ineffectiveness, the decision must be so patently unreasonable that no competent attorney would have chosen that path. <u>Dingle v. Sec'y for the Dep't of Corr</u>. 480 F.3d 1092, 1099 (11th Cir.) (quotation omitted), <u>cert</u>. <u>denied</u>, 552 U.S. 990 (2007). <u>See</u> <u>Rizo v. United States</u>, No. 03-20010-CIV, 2014 WL 7152755, at *5 (S.D. Fla. Dec. 15, 2014), <u>aff'd</u>, 662 F. App'x 901 (11th Cir. 2016) (finding counsel's decision not to call alibi witnesses was not unreasonable, particularly where the alibis were not airtight, avoiding leaving the jury with the conundrum as to whether to focus more on the proof of the alibi than on whether the state has met its burden of proof).

The trial court, before addressing Petitioner's claim of ineffective assistance of counsel, set forth the two-pronged <u>Strickland</u> standard of review. Ex. T at 1-2. The court outlined the particular claim of ineffectiveness, but found neither prong of <u>Strickland</u> had been met. In doing so, the court stated: "[i]t is not entirely clear in the Defendant's allegation what exculpatory testimony Deputy Walker would have been able to provide. If he [Petitioner] is referring to opinion and character testimony, this would have been inadmissible from this witness." Ex. T at 3.

The 5th DCA per curiam affirmed the trial court's decision. Ex. AA. There is a reasonable basis for the state court to deny relief, and this decision must be given deference. The 5th DCA's decision is not inconsistent with Supreme Court precedent, and the state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts.

The record before the Court supports the conclusion that counsel's performance was not deficient. Petitioner elected not to take the stand. Ex. G at 117-18. Petitioner's counsel, Garry L. Wood, decided to call one witness, Kathy Baker, Petitioner's mother. <u>Id</u>. at 119-20. Ms. Baker testified she did not observe any misconduct by Petitioner towards the victim, and she could observe all of their movements from the kitchen. <u>Id</u>. at 126-31. After her testimony, the defense rested. <u>Id</u>. at 134.

When considering the claim of ineffective assistance of counsel, this Court must try to eliminate the distorting effects of hindsight, as counseled to do so in <u>Strickland</u>, 466 U.S. at 689. This Court must consider that counsel is given wide latitude in making tactical decisions, like selecting who to call as witnesses. <u>Id</u>. Here, Petitioner contended defense counsel should have called Deputy Walker to testify concerning the child victim's prior sexual experiences or bad character. Ex. Q at 9. As noted by the trial court in denying this claim, defense counsel would not have been allowed to do so, as the testimony would have been deemed

inadmissible by the trial court. Ex. T at 3. Therefore, counsel was not ineffective for failing to attempt to undertake an action that would not have been permitted by the trial court.[6]

Although Deputy Walker was not called to testify at trial, defense counsel called Kathy Baker, an eyewitness, who testified the sexual misconduct did not take place. The Court recognizes, "[t]here are countless ways to provide effective assistance in any given case." Strickland, 466 U.S. at 689. By calling Ms. Baker, defense counsel established strong evidentiary effect, presenting evidence directly contradicting that of the child victim. Counsel's decision to confront the state's case in this manner was not so patently unreasonable that no competent attorney would have chosen that path. The record also shows defense counsel effectively cross examined the state's witnesses in his attempt to undermine or attack the state's evidence. Ex. G.

In denying this ground, not only did the trial court find no deficient performance, the court also found Petitioner was not prejudiced by counsel's performance. Ex. T at 3. In essence, the court found there is not a probability of a different result sufficient to undermine confidence in the outcome of the trial if counsel had called the Deputy Walker. Strickland, 466 U.S. at 694. The 5th DCA affirmed the decision of the trial court. Ex. AA.

---

[6] It is important to note, Florida has a Rape Shield law, generally prohibiting the presentation of evidence concerning the prior sexual activity between the victim and any person other than the offender. Fla. Stat. § 794.022(2).

As previously noted, in order to prevail on his claim of ineffective assistance of counsel, Petitioner has to satisfy both parts of the Strickland test. Bester, 836 F.3d at 1337. With respect to this claim, Petitioner failed to do so.

The record shows the 5th DCA affirmed the decision of the trial court in denying this ground. Under Wilson, this Court assumes that the court of appeals adopted the reasoning of the trial court. The state has not attempted to rebut this presumption. Wilson, 138 S.Ct. at 1192. The state court did not unreasonably apply Strickland. Here, AEDPA deference is warranted. The Court concludes that the state court's adjudication of this claim is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts. Petitioner is not entitled to habeas relief on ground three.

### D.  Ground Four

In his fourth ground for habeas relief, Petitioner claims the ineffective assistance of counsel for failure to call an expert witness or request a physical examination of the victim. Petition at 10. Petitioner asserts this type of testimony was essential to counter the victim's claim of digital penetration. Id. Petitioner exhausted this ground by raising it ground three of his Rule 3.850 motion. Ex. Q at 10-11. Petitioner asserted his counsel "should have presented to the jury the lack of physical evidence in the case[.]" Id. at 10.

In denying post conviction relief, the trial court found defense counsel's performance was not rendered deficient for failing to call an expert witness to testify. Ex. T at 3. The court explained:

> The jury did not necessarily need an expert witness to provide scientific, technical, or specialized testimony to show that a lack of physical evidence was harmful to the State's case. Trial Counsel sufficiently argued and emphasized to the jury that there was reasonable doubt arising from the lack of physical evidence in this case. (See **Appendix A**, Trial Transcript Pages 166-167). Neither prong of <u>Strickland</u> has been met here. **Ground Three is denied.**

Ex. T at 3 (emphasis in original).

The trial record demonstrates the following. In his opening statement, defense counsel immediately attacked, what he called "a serious lack of evidence in this case." Ex. G at 23. On cross examination of the victim, defense counsel inquired as to whether the victim saw a doctor for anything she alleged happened. <u>Id</u>. at 46. The victim responded: "[t]hey wanted to send me to a doctor, but I felt like I didn't need it because I didn't want to go." <u>Id</u>. at 47. Again, counsel asked if a doctor ever examined her, and the victim responded in the negative. <u>Id</u>.

The record also shows defense counsel, on cross examination, asked the victim's mother, Lena Rosario, if she had taken the victim to the doctor after the matter was reported to the police. <u>Id</u>. at 63. Ms. Rosario responded she was told that she did not need to take her daughter to a doctor. <u>Id</u>. On re-direct, she

clarified her response, stating the detective told her that she did
not need to send her daughter to a doctor because "he [the abuser]
did not penetrate her.[7] Id. at 65.

Finally, and very importantly, in closing, defense counsel
reminded the jury of the deficiencies in the state's case.  Defense
counsel referenced the state's burden of "[b]eyond a reasonable
doubt."  Id. at 163.  Mr. Wood asserted "[t]here was a lack of
evidence and a conflict in the evidence."  Id.  He reminded the
jury that Petitioner is presumed innocent.  Id.  Mr. Wood
discussed the lack of evidence and the conflict in the evidence.
Id.  He recapped Kathy Baker's testimony that she could see
Petitioner from the kitchen, and his hands were outside of the
blanket the whole time.[8]  Id. at 165.  Of import, counsel noted the
child was never taken to a doctor, and "[y]ou have no physical
evidence in this case, no medical evidence in this case."  Id. at
166.  In closing, Mr. Wood urged the jury to find Petitioner not
guilty based on "the lack of evidence and conflict in the
evidence[.]"  Id. at 168.

---

[7] The information charged Petitioner with digital, not penile,
penetration of the victim.  Ex. A.  At trial, the victim testified
Petitioner digitally penetrated her.  Ex. G at 30-31.  The state
presented no medical evidence; however, the victim's testimony is
sufficient to support the conviction.  Graves v. State, 704 So.2d
147, 148 (Fla. 1st DCA 1997).  Cf. Gill v. State, 586 So.2d 471,
472 (Fla. 4th DCA 1991) (noting the victim's testimony indicated
penetration, but was too ambiguous to raise a question for the jury
as to whether there in fact had been penetration).

[8] Petitioner and the victim were sitting together in a
recliner, with a blanket over them.  Ex. G at 29-31, 70-71.

In denying this claim for relief, the trial court concluded Petitioner failed to satisfy the requirements of Strickland. Pursuant to Wilson, it is assumed the 5th DCA adopted the reasoning of the trial court in denying the Rule 3.850 motion. Ex. AA. The state has not attempted to rebut this presumption. Deference under AEDPA should be given to the last adjudication on the merits provided by the 5th DCA. Indeed, there was not an unreasonable application of Strickland. Given due consideration, the Florida court's decision is not inconsistent with Supreme Court precedent, including Stickland and its progeny. The state court's adjudication of this claim is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts. As such, ground four is due to be denied.

### E. Ground Five

In his fifth ground, Petitioner claims he received the ineffective assistance of counsel for failure to impeach the state's eye-witness, Joshua S. Rosario. Petition at 12. Petitioner alleges that Mr. Rosario intended to lie, and defense counsel failed to impeach his testimony by failing to show that he lied about his conversations with Petitioner after the police were contacted. Id.

In his Rule 3.850 motion, Petitioner raised this ground, but additionally claimed that defense counsel should have impeached Rosario with his criminal history, an assertion Petitioner does not

make in this federal Petition.  Ex. Q at 11.  In his motion, Petitioner claimed Mr. Rosario lied on the stand when he said he did not speak with Petitioner on the day the police were called. Id. at 12.  Petitioner said he spoke with Mr. Rosario three times the day the police were notified, and Mr. Rosario told Petitioner the police were looking for him and to lie low until the issue blew over.   Id.   Petitioner claimed he was prejudiced by counsel's failure to present this evidence because it would have demonstrated the questionable nature of Rosario's testimony.  Id. at 12-13.

First, with regard to any failure to show Mr. Rosario's criminal history, the trial court concluded, that given the great weight of evidence presented against Petitioner, including the testimony of the victim, the victim's mother, as well as the corroborative testimony of another child and the taped confession of Petitioner regarding the acts upon the other child, "it is unlikely that the outcome of the proceedings would have been different." Ex. T at 3.  As such, the trial court found Petitioner failed to satisfy the prejudice prong of Strickland with respect to this part of his claim.

With respect to Petitioner's allegation that witness Rosario lied on the stand, the court flatly rejected the claim based on the record of Mr. Rosario's testimony at trial.  Ex. T at 3.  Upon review, the trial court found Mr. Rosario never denied speaking to Petitioner after the police were contacted.  Id. at 3-4.  Thus, there was no need for counsel to try to impeach Mr. Rosario's

testimony with respect to this matter.  In denying this ground, the trial court held counsel did not render ineffective assistance in failing to impeach witness Joshua Rosario.  Ex. T at 3.

After a thorough review of Mr. Rosario's testimony, it is quite apparent that he never testified he did not speak to Petitioner after the police were contacted.  Ex. G at 69-86.  On cross, Mr. Rosario testified that he was not present when the police were at the house on the 7th.  Id. at 85.  He never denied speaking to Petitioner after the police were contacted.  Based on the record, this claim simply has no merit.

Petitioner has attempted to alter his claim somewhat from that raised in his Rule 3.850 motion, by claiming Mr. Rosario lied during his deposition about his contact with Petitioner.  Petition at 12.  Petitioner referenced the deposition testimony in his Reply to State's Response to Defendant's Rule 3.850 Motion for Post-conviction Relief, and said his counsel performed deficiently by failing to impeach Mr. Rosario's testimony with his deposition testimony.  Ex. S at 2, 7-8.  With respect to this claim, Petitioner has failed to demonstrate any prejudice.  At trial, there was no evidence produced with respect to any conversations which took place between Petitioner and Mr. Rosario after the police were notified, or concerning any denial of such conversations taking place.  This peripheral issue had no bearing on the thrust of the trial testimony or the evidence relied on to

convict Petitioner.  Therefore, Petitioner has not demonstrated prejudice.

The record shows the 5th DCA affirmed the decision of the trial court in denying this ground.  Under <u>Wilson</u>, this Court assumes that the 5th DCA adopted the reasoning of the trial court. The state has not made any attempt to rebut this presumption. <u>Wilson</u>, 138 S.Ct. at 1192.  After due consideration, the Court finds the state court did not unreasonably apply <u>Strickland</u>. Consequently, AEDPA deference is warranted.  The Court concludes that the state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts.  Ground five is due to be denied as Petitioner is not entitled to habeas relief.

### F.  Ground Six

In his sixth ground, Petitioner claims he received the ineffective assistance of counsel based on the cumulative errors of counsel, resulting in a due process violation.  Petition at 13.  He exhausted this claim by raising it in ground five of his Rule 3.850 motion and appealing the trial court's decision to the 5th DCA. Ex. Q at 13-15; Ex. T at 4; Ex. AA.

When Petitioner presented this ground to the trial court, the court rejected it, finding: "[s]ince all of the other grounds are denied, **Cumulative Ground Five is denied.**"  Ex. T at 4.  The 5th DCA affirmed.  Ex. AA.  The Court finds the cumulative effect of Petitioner's grounds of ineffective assistance of counsel does not

provide any foundation for granting federal habeas relief since none of his grounds claiming ineffective assistance of counsel provide a basis for habeas relief.

Of importance, if Petitioner's ineffective assistance of counsel claims are insufficient individually, raising them cumulatively does not render them sufficient. <u>Robertson v. Chase</u>, No. 1:07-CV-0797-RWS, 2011 WL 7629549, at *23 (N.D. Ga. Aug. 12, 2011) (citations omitted), <u>report</u> <u>and</u> <u>recommendation</u> <u>adopted</u> <u>by</u> No. 1:07-CV-797-RWS, 2012 WL 1038568 (N.D. Ga. Mar. 26, 2012), <u>aff'd</u> <u>by</u> 506 F. App'x 951 (11th Cir. 2013), <u>cert</u>. <u>denied</u>, 134 S.Ct. 93 (2013).[9] Additionally, Petitioner's due process claim is due to be denied as well; he is not entitled to relief on any claim of denial of due process of law based on the alleged cumulative errors of counsel:

> [Petitioner] has not demonstrated error by trial counsel; thus, by definition, [Petitioner] has not demonstrated that cumulative error of counsel deprived him of a fair trial. <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 229 (5th Cir. 1993) (explaining that

---

[9] The Eleventh Circuit has opined that the Supreme Court has not specifically addressed the applicability of the cumulative error doctrine when addressing an ineffective assistance of trial counsel claim, but the Supreme Court has held that there is no basis for finding a constitutional violation unless the petitioner can point to specific errors of counsel which undermined the reliability of the finding of guilt. <u>Forrest v. Fla. Dep't of Corr.</u>, 342 F. App'x 560, 564 (11th Cir. 2009) (per curiam) (citing <u>United States v. Cronic</u>, 466 U.S. 648, 659 n.26 (1984)), <u>cert. denied</u>, 562 U.S. 589 (2010). Without a showing of specific errors of counsel which undermine the conviction in their cumulative effect on the trial itself, amounting to prejudice, a cumulative errors of counsel claim lacks merit.

because certain errors were not of
constitutional dimension and others were
meritless, petitioner "has presented nothing
to cumulate").

Miller v. Johnson, 200 F.3d 274, 286 n.6 (5th Cir.), cert. denied,
531 U.S. 849 (2000).

Petitioner has not demonstrated that any of his trial
counsel's alleged errors, considered alone, rise to the level of
ineffective assistance of counsel; therefore, there are no errors
to accumulate, and Petitioner is not entitled to relief.  Since the
threshold standard of Strickland has not been met, there are no
errors to accumulate, and Petitioner has failed to demonstrate that
his trial was fundamentally unfair and his counsel ineffective.
Moreover, Petitioner has not shown specific errors which undermine
the conviction in their cumulative effect.  Therefore, he has not
demonstrated prejudice.

With respect to the claim of cumulative errors of counsel, the
5th DCA's decision is entitled to deference under AEDPA as the
Court assumes the 5th DCA adopted the reasoning of the trial court
in denying the post conviction motion.  Ex. AA.  The state has not
attempted to rebut this presumption.

Petitioner is not entitled to habeas relief on this ground of
the Petition because the state court's decision was not contrary to
clearly established federal law, did not involve an unreasonable
application of clearly established federal law, and was not based
on an unreasonable determination of the facts in light of the

evidence presented in the state court proceedings. In conclusion, since there were no errors of constitutional dimension, the cumulative effect of any errors would not subject Petitioner to a constitutional violation. See Miller, 200 F.3d at 286 n.6. Petitioner has not shown specific errors of counsel which undermine his conviction in their cumulative effect on his trial; therefore, the cumulative errors of counsel claim lacks merit. See Forrest, 342 F. App'x at 564. Thus, the Court finds Petitioner is not entitled to habeas relief on the basis of his claim of ineffective assistance of counsel alleging the cumulative errors of counsel and the resulting denial of a fair trial. Ground six is due to be denied.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. 1) is **DENIED**.

2.    This action is **DISMISSED WITH PREJUDICE.**

3.    The **Clerk** shall enter judgment accordingly and close this case.

4.    If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability.**[10]    Because this Court

---

[10] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."    28 U.S.C. § 2253(c)(2).    To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542

has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of June, 2018.

_____
BRIAN J. DAVIS
United States District Judge


sa 6/13
c:
Steven R. Baker
Counsel of Record

---

U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.